UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CALVIN S. URETSKY,

    Plaintiff

v.

UNITED STATES OF AMERICA,

    Defendant

Case No. 20-16086 (MCA)(MAH)

## COMPLAINT

Plaintiff, Calvin S. Uretsky, hereby complains against Defendant, United States of America, as follows:

### PARTIES

1. Plaintiff, Calvin S. Uretsky, is a citizen of the United States of America and a resident of the State of New Jersey, residing in Passaic County, New Jersey.

2. Defendant, United States of America, is a public entity.

3. Dr. Krystle A. Troyer was employed by Defendant at all times relevant to this action.

4. Dr. Raafat Samaan was employed by Defendant at all times relevant to this action.

5. Dr. Magdi E. Seedhom was employed by Defendant at all times relevant to this action.

6. Dr. Joseph G. Green was employed by Defendant at all times relevant to this action.

7. Dr. Zafar Jamil was employed by Defendant at all times relevant to this action.

8. Ms. Cheryl A. Schoch was employed by Defendant at all times relevant to this action.

1

9. Plaintiff hereby asserts claims against the United States, for monetary damages for personal injury caused by negligent or wrongful acts or omissions of federal employees acting within the scope of their employment with the Department of Veterans Affairs. The numerous breaches of reasonable care caused Plaintiff new and enlarged wounds, permanent and painful scarring, permanent nerve pain and damage, infection, restricted mobility, and loss of use of three left toes. Plaintiff has incurred medical treatment expenses in excess of $4,000 and sustained permanent loss of mobility and use of three left toes. The amount in controversy exceeds $150,000.00, exclusive of interests and costs.

## JURISDICTION & VENUE

10. This action arises out of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 and events that occurred in May through August of 2016.

11. Plaintiff completed all prerequisites set forth by 28 U.S.C. § 2675. On or about September 20, 2016, Plaintiff presented his tort claims to the Department of Veterans Affairs (hereinafter "Agency"). Plaintiff's tort claims were denied and, pursuant to 28 C.F.R. § 14.9(b), the Veteran timely requested the Agency's reconsideration. The Agency finally denied the Plaintiff's tort claims by letter dated May 8, 2020.

12. Plaintiff completed all prerequisites set forth by 28 U.S.C. § 2401(b). Plaintiff presented his claims in writing to the Agency within two years after his claims accrued. Plaintiff now and hereby files this suit within 6 months of the Agency's final denial of his tort claims.

13. Pursuant to 28 U.S.C. § 1346(b), this Court has exclusive jurisdiction of this action.

14. Venue in the District of New Jersey is proper under 28 U.S.C. § 1402(b) because the events or omissions giving rise to this action occurred within this district and the Plaintiff resides in this district.

**COUNT I**
**MEDICAL NEGLIGENCE**
**May 5, 2016**
**Left Calf**
**Drs. Troyer, Seedhom and Samaan**

15. Plaintiff incorporates paragraphs 1 through 14 of this Complaint as if separately set forth herein.

16. Drs. Troyer, Seedhom and Samaan were employees of Defendant, had a doctor-patient relationship with Plaintiff, and owed a duty of care to Plaintiff.

17. On or about May 5, 2016, Plaintiff was prepared for surgery. At the request of Plaintiff, a blue "X" was marked on the Plaintiff's left calf, to indicate that no injections were to be made in that area, primarily due to the previous doctor instructions regarding the presence of scar tissue at that location. Nonetheless, seven (7) injections were made by Drs. Troyer, Seedhom and/or Samaan in the prohibited area, causing permanent damage to the Plaintiff's skin and Saphenous Nerve, as well as severe pain originating from the Plaintiff's left knee, down the left lower leg, and across the left toes.

18. The care rendered to Plaintiff by Drs. Troyer, Seedhom and Samaan deviated from the standard of care.

19. As a direct and proximate cause of the aforesaid deviations from the standard of care, Plaintiff sustained severe and permanent injuries, requiring the care and treatment of other providers and numerous outpatient treatments.

20. As a direct and proximate cause of the aforesaid deviations from the standard of care, Plaintiff suffered severe pain and suffering and left Plaintiff dependent on others.

## COUNT II
## MEDICAL NEGLIGENCE
## May 9, 2016
## Left Foot
## Drs. Troyer, Samaan, and Green

21. Plaintiff incorporates paragraphs 1 through 14 of this Complaint as if separately set forth herein.

22. Drs. Troyer, Samaan, and Green were employees of Defendant, had a doctor-patient relationship with Plaintiff, and owed a duty of care to Plaintiff.

23. The manufacturers of the EpiFix graft provide instructions for use of their product, to ensure that providers utilize the EpiFix product in an appropriate manner.

24. On or about May 9, 2016, Plaintiff's left foot was negligently bandaged by Drs. Troyer and Samaan, contrary to the established Agency standards and instructions provided by the manufacturer of the EpiFix product. Drs. Troyer and Samaan bandaged Plaintiff pursuant to negligent directions given by Dr. Green. Plaintiff was bandaged in such a way that the bandage mechanically and painfully tore off Plaintiff's skin down to the bone, increasing a quarter-sized wound to a new wound measuring 2" x 8", causing infection and loss of function in three toes of the Plaintiff's left foot.

25. The care rendered to Plaintiff by Drs. Troyer, Samaan, and Green deviated from the standard of care.

26. As a direct and proximate cause of the aforesaid deviations from the standard of care, Plaintiff sustained severe and permanent injuries, requiring the care and treatment of other providers and numerous outpatient treatments.

27. As a direct and proximate cause of the aforesaid deviations from the standard of care, Plaintiff suffered severe pain and suffering and left Plaintiff dependent on others.

## COUNT III
## MEDICAL NEGLIGENCE
### August 23, 2016
### Right Foot
### Dr. Zafar Jamil

28. Plaintiff incorporates paragraphs 1 through 14 of this Complaint as if separately set forth herein.

29. Dr. Jamil was an employee of Defendant, had a doctor-patient relationship with Plaintiff, and owed a duty of care to Plaintiff.

30. On or about August 23, 2016, Plaintiff was examined by Dr. Jamil, who used an ungloved hand to test pressure in the Plaintiff's left and right feet. Due to the lack of adherence with appropriate cleanliness standards, Dr. Jamil transferred a nosocomial infection to the Plaintiff's right foot. As a result, a new wound was created on the Plaintiff's right foot and an EpiFix graft was needed to treat the new wound.

31. The care rendered to Plaintiff by Dr. Jamil deviated from the standard of care.

32. As a direct and proximate cause of the aforesaid deviations from the standard of care, Plaintiff sustained severe and permanent injuries, requiring the care and treatment of other providers and numerous outpatient treatments.

33. As a direct and proximate cause of the aforesaid deviations from the standard of care, Plaintiff suffered severe pain and suffering and left Plaintiff dependent on others.

**COUNT IV**
**MEDICAL NEGLIGENCE**
**August 26, 2016**
**Right Foot**
**Ms. Cheryl A. Schoch**

34. Plaintiff incorporates paragraphs 1 through 14 of this Complaint as if separately set forth herein.

35. Ms. Schoch was an employee of Defendant, had a provider-patient relationship with Plaintiff, and owed a duty of care to the Plaintiff.

36. On August 26, 2016, Ms. Schoch was using a scalpel to clean the wound on the Plaintiff's right foot. Ms. Schoch improperly utilized the scalpel and cut deeply into the Veteran's foot, cutting the Plaintiff's Sural Nerve on the right foot, causing permanent and painful damage.

37. The care rendered to Plaintiff by Ms. Schoch deviated from the standard of care.

38. The Board of Veterans Affairs recently agreed on June 10, 2020 that the medical treatment provided by Ms. Schoch deviated from the standard of care and caused harm to Plaintiff:

   a. "the evidence suggests that the Veteran's additional right foot injury, was actually and proximately sustained due to carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA."

   b. "the Veteran's right foot wound was severe enough to have been caused by fault of the treating VA provider."

   c. "the cut to the Veteran's right heel does not meet the duty of care expected of a reasonable healthcare provider"

39. As a direct and proximate cause of the aforesaid deviations from the standard of care, Plaintiff sustained severe and permanent injuries, requiring the care and treatment of other providers and numerous outpatient treatments.

40. As a direct and proximate cause of the aforesaid deviations from the standard of care, Plaintiff suffered severe pain and suffering and left Plaintiff dependent on others.

WHEREFORE, Plaintiff, Calvin S. Uretsky, demands judgment against Defendant, United States of America, in the amount of his damages, together with interest and costs of suit.

Dated: November 05, 2020

Respectfully submitted,

_____
Calvin S. Uretsky, Plaintiff
123 Worcester Drive
Wayne, NJ 07470